**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | |
|---|---|
| JORGE SARDINAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 0:19-cv-61369 |
| ) | |
| INFINITY AUTO INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**NOTICE OF REMOVAL**

Infinity Auto Insurance Company ("Infinity") hereby removes to this Court the Florida state court action described below pursuant to the Class Action Fairness Act of 2005 ("CAFA").

**I.   BACKGROUND**

1.   On April 30, 2019, Jorge Sardinas ("Plaintiff") filed this putative class action against Infinity in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, captioned *Jorge Sardinas v. Infinity Auto Insurance Company*, Case No CACE-19-009302, alleging that Infinity does not include sales tax, title and license plate registration fees, and dealer fees in its actual cash value ("ACV") payments for first-party, private passenger, total loss vehicle claims. *See* Compl. ¶¶ 7-8, 11-12, 44-47, 50-55, 59, 81-82, 95-96, 99-100, and 103-04.  By purportedly not including these amounts in its ACV payments, Plaintiff contends that Infinity breached its obligations under the policy and Florida law. *See id.* at ¶¶ 7-8, 11-12, 39, 99-100, 103-04, and pp. 29-30.  Plaintiff, individually and on behalf of the putative class, alleges two counts for "Breach of Copntract" [sic] and one count for declaratory judgment. *See id.* at ¶¶ 78-105.  Plaintiff seeks the following declaratory relief: (1) a declaratory judgment that the vehicle valuation Infinity utilizes purportedly fails to comply with Florida law and the policy; and (2) a

declaratory judgment that Florida law and the policy require payment of dealer fees, license plate registration fees, title transfer fees, and sales tax when paying total loss vehicle claims. *Id*. at pp. 28-29. Plaintiff also seeks compensatory damages, prejudgment and post-judgment interest, and attorneys' fees and costs on behalf of himself and the putative class. *Id*. at pp. 28-30. The Complaint names Infinity as the sole defendant and Infinity has not yet responded.

2. Under 28 U.S.C. §§ 1441(a), 1446, and 1453, the Complaint is removable to this Court because Infinity has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

3. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Infinity shall give written notice to Plaintiff and to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida of its filing of this Notice of Removal.

## II.     INFINITY HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Plaintiff served the Summons and the Complaint on the Chief Financial Officer of the State of Florida on May 1, 2019. On May 3, 2019, Infinity was served with the Complaint, Summons, and Notice. This Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C. § 1446(b).

5. Venue is proper in this Court because it corresponds to the district and division where this litigation was filed, *i.e.*, the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida is located in the Southern District of Florida, Fort Lauderdale Division. *See* 28 U.S.C. § 1441(a).

6. As required under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Infinity are attached hereto. *See* Ex. 1.

### III. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA.

7.  Under CAFA, this Court has diversity jurisdiction over the putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from Infinity; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d).

#### A. The Putative Class Size Exceeds 100.

8.  Under CAFA, the proposed class must consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). The Complaint seeks to certify a class under Florida Rules of Civil Procedure, Rule 1.220(a)-(b).[1] Plaintiff defines the putative class as:

> [A]ll Florida citizens including Sardinas who: (a) on or after April 30, 2014; (b) are or were covered by an INFINITY personal automobile insurance Policy issued in Florida; (c) made a claim under the Collision or Comprehensive coverage of that Policy for damage or loss to a covered vehicle that INFINITY accepted and treated as a total loss claim; and (d) INFINITY paid the claim on a cash settlement basis with the actual cash value derived from the CCC system. The class period will be from April 30, 2019 [sic], to the date of class certification[.]

Compl. ¶ 63. Plaintiff alleges that "there are at least one-hundred INFINITY policyholders spread throughout the State of Florida who are potential Class Members in this action." *Id.* at ¶ 66. Accordingly, this matter satisfies CAFA's requirement that the putative class size exceeds 100.

#### B. There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction.

9.  Under CAFA there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant. *See* 28 U.S.C.

---

[1] Florida Rules of Civil Procedure, Rule 1.220(a)-(b) is similar to Federal Rule of Civil Procedure 23(a)-(b).

§ 1332(d)(2).

10.     The Complaint alleges that Infinity "is an Ohio corporation with its principal place of business in Birmingham, Alabama." Compl. ¶ 16.  Indeed, as a matter of public record, Infinity is incorporated in Ohio, and has its principal place of business in Alabama; and is thus a citizen of Ohio and Alabama for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

11.     Plaintiff is a citizen of Florida. *See* Compl. ¶ 14.

12.     Thus, CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. § 1332(d)(2)(A).

### C.     The $5 Million Amount in Controversy Requirement is Met.

13.     Under CAFA, the aggregate amount in controversy must exceed $5 million for the entire putative class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

14.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Where the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

15.     In analyzing the amount in controversy, "[a] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315.  A removing defendant may introduce "affidavits, declarations, or other documentation" to support its position that the amount of controversy exceeds the jurisdictional minimum. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

16.     The amount in controversy "is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315 (internal quotation marks omitted); *see also McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) ("There is no doubt that, when analyzing the amount in controversy, the district court is precluded from inquiring into the amount a party is likely to receive on the merits.").

17.     According to the Complaint, Plaintiff seeks "an order requiring INFINITY to pay sales tax to all Class members to whom it has not paid that tax." Compl. ¶ 96. Plaintiff also seeks "an order requiring INFINITY to offer Sardinas and the Class Dealer Fees and requiring INFINITY to pay $83.25 to Plaintiff and each Class Member for title/license plate registration fees." *Id*. at ¶ 95.

18.     As set forth in the attached Declaration of Jeffrey Fucich (Infinity Claims Analyst Manager) (Ex. 2, ¶ 2), Infinity has had approximately 12,000 first-party personal total loss vehicle claims in the State of Florida over the past five years. *Id.* ¶ 4. Further, "[t]he estimated sales tax applicable to these claims is approximately $7.4 million." *Id.*

19.     Applying the alleged $83.25 for the title and license plate registration fees to the approximately 12,000 first-party personal total loss vehicle claims yields approximately $999,000.

20.     Accordingly, the amount in controversy for sales tax, title fees, and license plate registration fees is approximately $8.4 million. Moreover, this estimated amount does not include "dealer fees" or any amount attributable to Infinity's allegedly improper method of valuation, and the addition of such amounts would further increase the amount in controversy.

21.     Accordingly, the total amount of alleged compensatory damages exceeds CAFA's $5 million jurisdictional threshold.

### D. The Exceptions to CAFA Do Not Apply.

22. CAFA provides two mandatory exceptions to the application of federal jurisdiction, and one discretionary exception. *See* 28 U.S.C. § 1332(d)(3)-(4). Both of the exceptions require the presence of a nondiverse in-state defendant. 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception) or requiring the "primary defendant" to be an in-state one (home state exception)). Here, Infinity is *not* an in-state defendant. Rather, Infinity is a foreign insurer, as it is a citizen of the State of Ohio and the State of Alabama. *See* Compl. ¶ 16. Therefore, the exceptions to CAFA are not applicable to this matter.[2]

23. Accordingly, because Infinity has demonstrated that all prerequisites for CAFA jurisdiction have been met and none of the exceptions apply, this matter is properly removable.

**WHEREFORE,** Infinity respectfully requests that this Court assume full jurisdiction over this action.

Respectfully submitted this 31st day of May, 2019.

---

[2] The exceptions to CAFA would also fail for other reasons, and Infinity reserves the right to raise all defenses in the event that Plaintiff attempts to satisfy his burden of asserting the CAFA exceptions.

*/s/ Brian A. Dominguez*
Scott A. Cole
Brian A. Dominguez
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Scott.Cole@csklegal.com
Brian.Dominguez@csklegal.com

Mark L. Hanover (*pro hac vice* application to be submitted)
Kristine M. Schanbacher (*pro hac vice* application to be submitted)
Kathleen V. Kinsella (*pro hac vice* application to be submitted)
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, Illinois 60606
Telephone: (312) 876-8000
Email: mark.hanover@dentons.com
kristine.schanbacher@dentons.com
kathleen.kinsella@dentons.com

*Attorneys for Infinity Auto Insurance Company*

## CERTIFICATE OF SERVICE

I, Brian A. Dominguez, hereby certify that on this 31st day of May, 2019, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be electronically filed with the clerk of the court using the CM/ECF system and sent via e-mail to the following attorneys of record:

Edward H. Zebersky, FBN: 0908370
Mark S. Fistos, FBN: 909191
ZEBERSKY PAYNE SHAW LEWENZ, LLP
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, FL 33301
(954) 989-6333
*ezebersky@zpllp.com*
*mfistos@zpllp.com*
*ndiaz@zpllp.com*

Alec Schultz, FBN: 35022
Carly A. Kligler, FBN 83980
LEÓN COSGROVE, LLP
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
(305) 740-1975
*aschultz@leoncosgrove.com*
*ckligler@leoncosgrove.com*
*eperez@leoncosgrove.com*
*cmanzano@leoncosgrove.com*

Scott R. Jeeves, FBN: 0905630
THE JEEVES LAW GROUP, P.A.
954 First Avenue North
St. Petersburg, FL 33705
(727) 894-2929
*sjeeves@jeeveslawgroup.com*
*khill@jeveslawgroup.com*
*rmandel@jeevesmandellawgroup.com*

Craig E. Roghburd, Esq, FBN: 49182
CRAIG E. ROTHBURD, P.A.
320 W. Kennedy Blvd., Suite 700
Tampa, FL 33606
(813) 251-8800
*crothburd@e-rlaw.com*

Casim Adam Neff, Esq., FBN: 94030
NEFF INSURANCE LAW, PLLC
P.O. Box 15063
St. Petersburg, FL 33733-5063
(727) 342-0617
*cneff@neffinsurancelaw.com*

*/s/ Brian A. Dominguez*
*An Attorney for Defendant Infinity Auto Insurance Company*